1  Sean M. Carroll, #027171
2  Darrell E. Davis, #011442
   David Weissman, #027042
3  **CLARK HILL PLC**
   14850 N Scottsdale Road, Suite 500
4  Scottsdale, Arizona 85254
5  Telephone: (480) 684-1100
   Email:  scarroll@clarkhill.com
6          ddavis@clarkhill.com
7          dweissman@clarkhill.com

8  *Attorneys for Defendants*

9          **UNITED STATES DISTRICT COURT**

10              **DISTRICT OF ARIZONA**

11 Alyssa Jones,                          Case No.: 2:17-CV-04612-BSB

12         Plaintiff,

13 v.                                      **DEFENDANTS' MOTION TO
                                           DISMISS FOR LACK OF SUBJECT
14 Riot Hospitality Group, LLC, RHG        MATTER JURISDICTION TO
   Ventures, LLC, Eric Sanchez, individually  COMPEL ARBITRATION**
15 and Ryan Hibbert, individually,
                                           **-OR IN THE ALTERNATIVE-**
16         Defendants.
                                           **MOTION TO DISMISS CERTAIN
17                                         COUNTS FOR FAILURE TO STATE
                                           A CLAIM**
18

19

20

21 **I.  INTRODUCTION**

22         Defendants Riot Hospitality Group, LLC, RHG Ventures, LLC, Eric Sanchez, and

23 Ryan Hibbert (collectively, "**Defendants**") request that the Court dismiss the Complaint

24 filed by Plaintiff Alyssa Jones ("**Plaintiff**") and compel arbitration for all of her claims

25 under the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, ("**FAA**"), and award Defendants

26 their attorneys' fees and costs under A.R.S. § 12-341 and A.R.S. § 12-341.01(A).

27 Alternatively, the Court should dismiss:

28
                                           1

(a)  Plaintiff's Title VII and Arizona Civil Rights Acts claims in Counts I, II, and III against Defendants Sanchez and Hibbert because Ninth Circuit authorities preclude individual liability;

(b)  all of Plaintiff's Title VII and the Arizona Civil Rights Act retaliation claims in Counts II and III because Plaintiff alleges no protected conduct to support a retaliation claim and she failed to exhaust her administrative remedies; and

(c)  Plaintiff's state law tort claims against Defendant Hibbert contained in Counts IV and V because the Complaint is devoid of any factual allegations that can support them.

This Motion is supported by the following Memorandum of Points and Authorities.

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

### A.   Factual and Procedural Background

Plaintiff's five-count Complaint (Document "Doc." 1) alleges sexual harassment and retaliation under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("**Title VII**") and the Arizona Civil Rights Act, A.R.S. §§ 41-1461 *et seq.* (the "**ACRA**").  It further alleges state law tort claims against Defendant Hibbert for sexual battery and intentional infliction of emotional distress.  Defendants categorically deny the allegations.

But, critical to this Motion is that **all** of Plaintiff's claims arise from allegations related to her employment relationship with El Hefe Scottsdale ("El Hefe"), where she has been employed as a cocktail waitress since November 2015.[1]  Upon commencing her

---

[1] Plaintiff's Complaint incorrectly identifies Defendants Riot Hospitality Group, LLC and RHG Ventures, LLC as the owners and operators of El Hefe.  El Hefe is actually owned and operated by a different entity.  Defendants will address this issue either in arbitration or in subsequent proceedings in this Court.  Regardless, the Arbitration Agreement at issue in this case mandates arbitration of  all of Plaintiff's claims in the Complaint against <u>all</u> parties because they all arise from, relate to, or are connected with her employment with El Hefe.

employment with El Hefe, Plaintiff agreed that her "continued employment [was] contingent" on her agreeing to the terms of a "Binding Arbitration" provision (the "**Arbitration Agreement**") contained in El Hefe's Employee Handbook.   The Arbitration Agreement requires the parties to utilize binding arbitration for any claims arising from, related to, or having any relationship or connection whatsoever with Plaintiff's employment by, or other association with El Hefe (including, but not limited to sexual harassment) and all employment-related claims against El Hefe and its owners, directors, officers, managers, employees, and agents.   The Arbitration Agreement states as follows:

### Binding Arbitration

I agree and acknowledge that El Hefe and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context.   Both El Hefe and I agree that any claim, dispute, and/or controversy that either I may have against El Hefe (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) or El Hefe may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with El Hefe shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act.

Included within the scope of this Agreement are all disputes, whether based on tort, contract, statute (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Arizona Civil Rights Act, Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation), equitable law, or otherwise, with exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability under the Arizona Workers' Compensation Act, Employment Security Administration claims, or as otherwise required by state or federal law.   However, nothing herein shall prevent me from filing and pursuing proceedings before the Arizona Civil Rights Division or the United States Equal Employment Opportunity Commission (although if I choose to pursue a claim following the exhaustion of such administrative

remedies, that claim would be subject to the provisions of this Agreement).

In addition to any other requirements imposed by law, the arbitrator selected shall be a retired Arizona Superior Court Judge and shall be subject to disqualification on the same grounds as would apply to a judge of such court. All rules of pleading, all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, and judgment on the pleadings shall apply and be observed. Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings and the substance of the proceedings are privileged and confidential and shall not be disclosed outside the parties to the proceedings.

As reasonably required to allow full use and benefit of this agreement's modifications to the Act's procedures, the arbitrator shall extend the times set by the Act for giving of notices and setting of hearings. Awards shall include the arbitrator's written reasoned opinion, and attorneys' fees may be granted to the prevailing party. I understand and agree to this binding arbitration provision, and both I and El Hefe give up our right to trial by jury of any claim I or El Hefe may have against each other.

*See* COPY OF THE Arbitration Agreement attached to this Motion as **Exhibit A,** pp. 25-26, and Plaintiff's November 12, 2015 acknowledgment of same, attached as **Exhibit B.**

All of Plaintiff's claims reference, and depend upon, purported conduct by the Defendants that somehow negatively impacted, or relate to, her employment relationship.[2] *See* Complaint, ¶¶ 13-21, 44-45, 47, 53-58, 64-65, 67, 70-72, 75, 78. This

_____

[2] Plaintiff's Complaint also contains certain allegations related to an alleged incident of allegedly rape committed by an alleged friend of Defendant Hibbert who is not a party to

4

includes Plaintiff's allegations related to Defendant Sanchez, who was allegedly Plaintiff's manager and supervisor at El Hefe, and Hibbert, who is allegedly one of the owners of El Hefe. *See* Complaint, ¶¶ 13-21, 54-55, 75, 78. Thus, there can be no dispute that all the operative allegations of Plaintiff's Complaint arise directly from her employment relationship, and thus, are governed by the Arbitration Agreement and the FAA. Further, even if Plaintiff were not bound to arbitrate, a multitude of independent grounds justify dismissing her claims for failure to state a claim upon which relief can be granted.

**B.    Legal Argument**

**1.    The Court Lacks Subject Matter Jurisdiction. The Arbitration Agreement Must Be Enforced Under the FAA and Plaintiff's Claims Should Be Dismissed In Favor of Arbitration.**

The Arbitration Agreement explicitly states that it, together with all claims subsumed by it, is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq* The FAA mandates arbitration where, as here, (1) a valid agreement to arbitrate exists and (2) the parties' dispute falls within the purview of that agreement. *Chiron Corp v. Ortho Diagnostic Systems, Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000). The FAA requires courts to "rigorously enforce" private arbitration agreements in accordance with their terms and to resolve any doubts about arbitrability in favor of arbitration. *American Express Co. v. Italian Colors Restaurant,* 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (reaffirming that arbitration agreements must be enforced pursuant to their terms and that federal

---

this lawsuit. *See* Complaint, ¶¶ 34-43. None of those paragraphs of the Complaint contain allegations of conduct by any Defendant in this case, nor do they appear to be relevant to necessary to support any of Plaintiff's claims. Certain of those allegations refer to an unspecified "Defendant" in connection with the series of events leading up to and including the alleged rape. *See* Complaint, ¶¶ 38, 41, 42. However, when read in context, it is clear that Plaintiff is referring to individual who is alleged to have committed the rape when making those allegations, who apparently has also been sued by Plaintiff in a separate action in Maricopa County Superior Court.

statutory claims are arbitrable); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 23-24 (1991) (the FAA manifests a "liberal federal policy favoring arbitration agreements"); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 22-23 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). As stated by the Ninth Circuit in *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999), "[t]o require arbitration, [Plaintiff's] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability."

Plaintiff's claims against Defendants unequivocally arise from, relate to, or otherwise have a connection to her employment or other association with El Hefe. In turn, they fall unquestionably within the purview of the Arbitration Agreement. Thus, Plaintiff's claims are not properly brought in this Court, and the Court must order Plaintiff to arbitrate and dismiss this case.[3]

## 2.   **Plaintiff's Title VII and ACRA Claims Against Defendants Sanchez and Hibbert Must Be Dismissed.**

If the Court does not compel arbitration, the Court should dismiss Counts I, II, and III against Defendants Sanchez and Hibbert under Fed. R. Civ. P. 12(b)(6). Counts I and III assert claims for sexual harassment and retaliation under Title VII against Defendants Sanchez and Hibbert as individuals. Count II asserts nearly identical claims under the ACRA. It is well-settled law in the Ninth Circuit that "individual defendants cannot be held liable for damages under Title VII . . . " *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir. 1993) (holding that district court properly dismissed Title VII claims

---

[3] It is clear from the face of the Complaint that Plaintiff's statutory claims in Counts I, II, and III and her state law tort claims in Counts IV and V all relate to her employment with El Hefe and/or her association with its owners, managers, and/or employees. But, even if the Court determined that only Plaintiff's statutory claims are within the scope of the Arbitration Agreement, the Court should nonetheless dismiss Counts IV and V for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

against defendants in their individual capacities for failure to state a claim); *Ransom v. State of Ariz. Bd. of Regents,* 983 F. Supp. 895, 904 (D. Ariz. 1997) ("[u]nder Title VII... an individual employee is not an 'employer' for purposes of liability"). The same rule of law applies to claims brought under the ACRA. *Ransom,* 983 F. Supp. at 904. Accordingly, the Title VII and ACRA claims against Defendants Sanchez and Hibbert cannot proceed and must be dismissed.

        **3.**     **Plaintiff's Title VII and ACRA Retaliation Claims Against All Defendants Must Be Dismissed.**

Also only to the extent this Court does not compel arbitration of some or all of Plaintiff's claims, the Court should dismiss Plaintiff's claim for retaliation under the ACRA in Count II and Title VII in Count III for failure to state a claim. Under Title VII, it is unlawful for an employer "to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Lyons v. England,* 307 F.3d 1092, 1118 (9th Cir. 2002( (citing 42 U.S.C. § 2000e-3(a)). In order to sustain a claim for retaliation under Title VII, a plaintiff must allege that she engaged in protected activity under the statute, that her employer took some adverse action against her, and that there is a causal link between her protected activity and the adverse employment action. *Lyons,* 307 F.3d at 1118. These same federal standards apply to a retaliation claim under the ACRA. *See Bodett v. CoxCom, Inc.,* 366 F.3d 736, 742 (9th Cir. 2004) (noting that Title VII and the ACRA are "generally identical" and federal Title VII case law is persuasive in interpreting the ACRA).

Here, Plaintiff has not alleged that she engaged in any conduct protected by Title VII or the ACRA, *e.g.,* complaining to her employer of sexual harassment or other violations of these statutes, participating in an investigation or hearing related to such a complaint, or opposing an unlawful employment practice. Nor does Plaintiff allege she

was fired.  Indeed, she remains gainfully employed at El Hefe.  Instead, it appears that Plaintiff is alleging that Defendants took adverse action against her because she has filed a lawsuit against an unrelated third party in Maricopa County Superior Court.  *See* Complaint, ¶ 71.  Moreover, she appears to connect this alleged adverse action to her allegation that her employer requested its servers to interact with wealthy customers in an effort to increase sales.  *See* Complaint, ¶ 18, 71.  This is not the type of conduct that is intended to be protected under Title VII or the ACRA, and therefore cannot support a claim for retaliation.  Accordingly, Plaintiff's claims for retaliation in Counts II and III must be dismissed for failure to state a claim.

Further, Plaintiff's retaliation claims must be dismissed for failure to exhaust her administrative remedies.  Specifically, Plaintiff's Charge of Discrimination with the EEOC does not assert a claim for retaliation.  *See* Alyssa Jones September 7, 2017 Charge of Discrimination ("**Charge**"), attached as **Exhibit C**.  Plaintiff neither mentions a retaliation claim in her Charge nor did she check the box for "Retaliation," and the allegations of her Charge do not describe any form of retaliation.  *See* **Exhibit C.** Accordingly, the Court lacks subject matter jurisdiction over these claims.  *See Loos v. Lowe's HIW, Inc.,* 796 F. Supp. 2d 1013, 1017-19 (D. Ariz. 2011) (dismissing plaintiff's Title VII and ACRA retaliation claims for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies when plaintiff did not mark the "Retaliation" box on her Charge of Discrimination, did not list retaliatory conduct in her written description, and alleged retaliation for the first time in her complaint).  The retaliation claims should be dismissed.

### 4.   **Plaintiff's State Law Sexual Battery and Intentional Infliction of Emotional Distress Claims Must Be Dismissed.**

#### a.   **Pleading the bare elements of battery is insufficient.**

Plaintiff's claim for battery against Defendant Hibbert merely states the legal standard in Arizona, that in order to state a claim for battery, a plaintiff must establish

1  that the defendant intentionally caused a harmful or offensive contact with the plaintiff.

2  *Johnson v. Pankratz,* 196 Ariz. 621, 623, 2 P.3d 1266, 1268 (Ct. App. 2000).  But, as the

3  United States Supreme Court has repeatedly confirmed, a pleading must offer more than

4  "labels and conclusions or a formulaic recitation of the elements of a cause of action";

5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

6  statements, do not suffice."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)

7  (citations and internal quotation marks omitted).  *See also In re Stac. Electronics*

8  *Securities Litigation,* 89 F. 3d 1933, 1402 (9th Cir. 1996) (conclusory allegations

9  insufficient to defeat a motion to dismiss).  Plaintiff's claim  for battery identifies no

10  conduct in which Defendant Hibbert allegedly engaged that amounts to battery.  It merely

11  recites the elements of a battery claim with the conclusory allegation that Defendant

12  Hibbert is liable.  Under all applicable authorities, this is woefully inadequate to state a

13  claim for relief.   Count IV should be dismissed.

14  **b.  Pleading the bare elements of IIED is insufficient.**

15  As with Plaintiff's battery claim, Plaintiff's claim for intentional infliction of

16  emotional distress ("**IIED**") is likewise devoid of any factual support or allegations that

17  can support it.  In order to state a claim for IIED under Arizona law, a plaintiff must

18  establish (1) conduct by the defendant that is extreme and outrageous; (2) the defendant

19  either intended to cause emotional distress or recklessly disregarded the near certainty

20  that such distress would result; and (3) severe emotional distress occurred as a result of

21  the defendant's conduct.  *Loos v. Lowe's HIW, Inc.,* 796 F. Supp. 2d 1013, 1021 (D. Ariz.

22  2011).  Moreover, the plaintiff must demonstrate that the defendant's conduct was "so

23  outrageous in character and so extreme in degree, as to go beyond all possible bounds of

24  decency, and to be regarded as atrocious and utterly intolerable in a civilized

25  community."  *Id.* When evaluating a motion to dismiss such a claim, a court must

26  determine whether the defendant's alleged conduct is sufficiently extreme and outrageous

27  to state a claim for relief.  *Id.*

28

Here, Plaintiff's Complaint falls dramatically short of its requirements.  It makes only a conclusory allegation that Defendant Hibbert "engaged in extreme and outrageous conduct," but specifies no conduct.  Indeed, the claim omits any reference to conduct that was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" as is required to support  claim for IIED under Arizona law.  *See Loos,* 796 F. Supp. 2d 1023-24 (applying Arizona law and granting dismissal of plaintiff's claim for IIED based solely on allegations that plaintiff's supervisor engaged in sexual talk, made sexual gestures in her presence and involved her in conversations with sexual topics). Plaintiff failed to meet the pleading requirement for her IIED claim to proceed.  Count V should be dismissed.

## III.   <u>CONCLUSION</u>

The Court should uphold the liberal federal policy favoring arbitration.  Plaintiff's claims fall within the scope of the Arbitration Agreement she agreed to in November 2015 as a condition of continued employment with her employer, El Hefe.  Accordingly, she is bound to arbitrate under the Federal Arbitration Act and this Court lacks jurisdiction over this matter.  Defendants respectfully request that this Court dismiss this lawsuit in its entirety, and compel Plaintiff to arbitrate in accordance with the Arbitration Agreement.  In the alternative, Defendants request that this Court enter an order:  (a) dismissing Defendants Hibbert and Sanchez as parties to Counts I, II, and III of the Complaint; (b) dismissing all claims of retaliation in Count II of the Complaint; (c) dismissing Count III of the Complaint in its entirety; (d) dismissing Count IV of the Complaint in its entirety; and (e) dismissing Count V of the Complaint in its entirety. Finally, Defendants request an award of their reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(a) and costs pursuant to A.R.S. § 12-341 in connection with Plaintiff's breach of the terms of the Arbitration Agreement.

DATED this 10th day of January, 2018.

**CLARK HILL PLC**


By:    *s/ Sean M. Carroll*
        Sean M. Carroll
        Darrell E. Davis
        Davis Weissman
        *Attorneys for Defendants*


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 10, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Service of Electronic Filing to the following CM/ECF registrants:

Philip J. Nathanson
philipj@nathansonlawfirm.com


By:  *s/ Joyce Johnston*

216754527.2 09999/09999-030025

11