# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa Jones,<br><br>        Plaintiff,<br><br>v.<br><br>Riot Hospitality Group LLC, et al.,<br><br>        Defendants. | No. CV-17-04612-PHX-GMS<br><br>**PROTECTIVE ORDER RE: DEFENDANTS' DISCOVERY RESPONSES** |

This matter came before the Court on the Stipulation for a Protective Order filed by Defendants Riot Hospitality Group, LLC n/k/a Noatoz, LLC, RHG Ventures, LLC, 4425 Saddlebag, LLC, 4425 Saddlebag 2, LLC, Ryan Hibbert, Milo Companies, LLC, and Rooke, LLC (for ease of reference, specifically defined herein as "Defendants"), together with Plaintiff Alyssa Jones ("Plaintiff") and Defendants JW Bar, LLC ("JW") and MRM Hospitality, LLC ("MRM").

The Court, having considered the stipulation and protective order, and Good Cause appearing,

**IT IS HEREBY ORDERED** that the following procedures shall govern only the production, exchange, and use of certain documents, testimony, and other information produced, given, provided, or exchanged ("Discovery Materials") which identifies, (a) sexual partners of individual Defendant Ryan Hibbert (other than Plaintiff), (b) sexual partners of non-party Eric Sanchez (other than Plaintiff), and (c) sexual relationships

between non-party employees of Defendant 4425 Saddlebag, LLC, including without limitation, Defendant Hibbert's response to Plaintiff's Interrogatory No. 7 and Defendant 4425 Saddlebag's responses to Plaintiff's Interrogatories No. 6 and No. 7, which responses were ordered by the Court at the November 5, 2019 in-person Status Conference, and will not extend to any other Discovery Materials:

1. Defendants may designate any Discovery Materials as "Confidential" when: (i) any such Discovery Materials are to be produced in response to Plaintiff's written discovery requests; and (ii) Defendants in good faith believe that the Discovery Materials contain or constitute information or documents which contain information that is not otherwise subject to public disclosure ("Confidential Information").

2. Consistent with the terms of Paragraph 1, Defendants (or their counsel) may designate any Discovery Materials (whether in hard copy or electronic format) as Confidential Information by marking or designating in writing the applicable Discovery Materials as "Confidential."

3. Discovery Materials containing Confidential Information shall be used by Plaintiff or any Defendant, or their respective counsel, solely in accordance with the provisions of this Protective Order. Discovery Materials containing Confidential Information will not be used, and may not be used, by any party to this litigation (or that party's principal, member, officer, director, or agent), or any third party, for purposes other than this specific litigation.

4. The failure to designate any Discovery Materials as Confidential prior to their production does not constitute a waiver of such claim, subject to the limitations in this Paragraph 4. If at any time Defendants determine or realize that any Discovery Materials that were disclosed should be designated as Confidential, Defendants may notify the other parties in writing, and such Discovery Materials will thereafter be treated as Confidential under the terms of this Protective Order, provided that Defendants shall, at their cost, provide the other parties with substitute copies, bearing the appropriate legend, of any such Discovery Materials. The parties agree to work in good faith and take reasonable steps to

ensure that such re-designated Discovery Materials be treated consistent with the terms of this Protective Order and such designation; provided, however, that if such Discovery Materials have been disclosed by the parties between the time of initial production or receipt of the transcript containing the testimony and the time at which Defendants give notice that the Discovery Materials are to be designated as Confidential, such disclosure does not constitute a violation of this Protective Order. If any Discovery Materials are designated as Confidential after any of the parties have already disclosed the Discovery Material to another person or entity, the party that disclosed the Discovery Material to another person or entity, as the case may be, will within a reasonable time notify Defendants of the disclosure, and shall also promptly notify the person or entity to whom the Confidential Information was disclosed that the Discovery Material has been designated Confidential, and that the requirements of this Protective Order govern any further or subsequent disclosure of that Discovery Material.  Notwithstanding anything in this Protective Order to the contrary, this Protective Order will apply only to the Discovery Materials described herein.

5. If a party objects to the designation of any Discovery Materials as containing Confidential Information, the objection shall be stated by letter to Defendants or their counsel, and specifically identify, by Bates number if possible, the Discovery Materials at issue. Plaintiff and Defendants shall attempt to resolve the dispute amongst themselves.  In the absence of such resolution, the party objecting to the Confidential Information designation may apply to the Court for an order removing the challenged designation; provided, however, that any such application to the Court shall be made only after providing Defendants' counsel with three business days' notice. The Discovery Materials in question shall continue to be treated as Confidential Information under the terms of this Protective Order unless and until the Court rules otherwise or Defendants agree in writing to withdraw the challenged designation. With respect to any material that ceases to be designated Confidential, Defendants, at their expense, will provide to any party to whom the material has been provided and which so requests additional copies thereof from which

the challenged confidentiality legends (if any) have been removed.

6.  Confidential Information shall be held confidential as provided for in this Protective Order, and shall not be disseminated or disclosed to any other person or entity except as expressly permitted by this Protective Order, by written consent of Defendants, or upon further order of the Court.

7.  The parties or their counsel may disclose Confidential Information to the following authorized recipients only:

Outside experts or consultants for the parties in this action whose advice and consultation are being or will be used by the parties in this action, including their clerical personnel, provided, however, that any such person first provides a signed copy of the Agreement to Abide by the Protective Order, attached hereto as **Exhibit "A"**;

Outside counsel or in-house counsel who represents any parties in this action, as well as stenographic, clerical, and legal assistant employees of those attorneys whose functions require access to Confidential Information;

Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any party to this action, and any members of the jury;

The parties to this litigation, or officers, directors, or employees of the parties to this action for use in this specific litigation;

Any insurers that may provide coverage for any of the claims asserted in this litigation;

To the extent not otherwise covered by this Section, any witness or deponent (and counsel of such witness or deponent) during the course of or to the extent necessary for, preparation for deposition or testimony relating to this action; provided, however, that before being presented with any of the Confidential Information protected under this Protective Order, any deponent or witness that is not a party to this litigation will be admonished about the confidential and sensitive nature of the Confidential Information;

Any other person upon agreement of Defendants, provided that such person shall first execute the Agreement to Abide by the Protective Order attached hereto

as **Exhibit "A"**, a copy of which shall be retained by counsel for the party disclosing the "Confidential" documents or information. It shall be the responsibility of the parties and/or their counsel making such disclosure of "Confidential" documents or information to secure, prior to making such disclosure, an executed Exhibit "A" from the person to whom disclosure is to be made; and

Any other person, only upon order of the Court or express agreement among the parties to the action; provided, however, that any such person first provide a signed copy of the Agreement to Abide by the Protective Order, attached hereto as **Exhibit "A."**

8. Nothing in this Protective Order will preclude any person or entity from complying with the terms and conditions of a validly issued subpoena or other order from a court or tribunal with the authority to act on such matters, subject to the requisite procedure provided herein.

9. In the event that a party to this action authorized to have access to Confidential Information is served with a request, subpoena, demand, or other legal process that seeks production of Confidential Information, such person (the "Requested Person") shall give written notice to Defendants within ten business days of the receipt of such request, and shall furnish Defendants with a copy of said subpoena or other process or order to allow Defendants the opportunity to resist production or protect the confidentiality of the documents or information at issue. Except to the extent required by law, the Requested Person shall not produce the Confidential Information until the earlier of: (i) receipt of prior written consent from Defendants; (ii) in the event Defendants do not object to, seek to quash, or seek a protective order from the subpoena, by the return date of the subpoena or other process; or (iii) five business days after a decision on any motion to quash or motion for a protective order or such shorter period as the court may direct. Nothing herein shall prevent a party to this action from complying with a court order.

10. Counsel for any party to this action who seeks to file with the Court, or refer to or quote in any way, any Discovery Materials that have been designated as Confidential Information or any deposition transcripts, exhibits, or other documents which have previously been designated as Confidential Information, or which refer to or quote

Discovery Materials that have been designated as Confidential Information, shall do so by filing a Motion to Seal Confidential Information in the manner prescribed by the Rules of Practice of the U.S. District Court for the District of Arizona, LRCiv 5.6. Such motion shall only be granted upon a showing that: (a) there are compelling reasons to seal the information, supported by specific factual findings, when such information is contained or referenced in a judicial record and/or attached to a dispositive motion; or (b) there is good cause to seal the information, when such information is attached to a non-dispositive motion. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). Nothing in this Protective Order shall prevent the parties from offering any Confidential Information in open court, provided that such offering party confers with the other parties and the Court about the most reasonable manner to maintain the confidential nature of the information, and such hearing or testimony is sealed, at the request of the party invoking the confidential nature of the Confidential Information. No portion of the trial in this matter shall be conducted under seal.

11. In the event that any Confidential Information that has been redacted, filed under seal, or otherwise protected pursuant to the provisions of this Protective Order is used, disseminated, disclosed, or otherwise revealed in violation of the provisions of this Protective Order, such Confidential Information shall not lose its status as Confidential.

12. Nothing contained herein shall preclude any party to this action from utilizing Confidential Information in taking depositions in or at the trial of this case, nor shall it preclude it from being presented to the jury or judge, so long as the party preserves the confidential nature of the Confidential Information, as required under the terms of this Protective Order. The party asserting the confidential nature of the Confidential Information will have the burden of identifying any use of Confidential Information in documents or transcripts of any depositions at the time the deposition is occurring or the Confidential Information is being shared with a witness, the judge, or jury. Unless otherwise objected to by Defendants, such deposition transcripts will be prepared with a designation, on the first page of the transcript and on a sealed envelope containing that

transcript and/or videotape, that the deposition contains Confidential Information or materials, and all copies of such Confidential Information or materials shall be kept and disseminated by any party to this action only in accordance with the terms of this Order. In all instances, except voluntary or willful disclosure of Confidential Information by any party in a bad-faith manner that is not permitted by this Protective Order, the cost and burden is upon the party asserting the confidential nature of Confidential Information to preserve its confidential nature. In no instance will a party be sanctioned or be made to pay any costs for any inadvertent disclosure of Confidential Information that may occur in connection with Court proceedings, unless such disclosure was voluntary or willful.

13. Nothing herein shall be construed as restricting Defendants' use of their own Discovery Materials designated as Confidential Information. However, any information that is publicly filed with the Court by Defendants in pleadings or otherwise shall no longer be deemed Confidential Information unless Defendants have filed such information under seal, upon Court approval and pursuant to the procedures and "compelling reasons" and/or "good cause" standards provided above.

14. Inadvertent disclosure of materials or information that the disclosing party in good faith claims are subject to the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from disclosure (collectively, "Claimed Privileged Materials") shall not constitute a waiver of, or an estoppel as to any claim of, such privilege, doctrine, or immunity for such materials or information. If Claimed Privileged Materials are inadvertently or mistakenly produced, upon written request by the disclosing party, all copies, excerpts, extracts, summaries, and any other document, material, or information reflecting the contents, of the inadvertently produced Claimed Privileged Materials must be returned, destroyed, or expunged immediately, provided that such materials or information are actually subject to a privilege or immunity from disclosure. Unless otherwise permitted by order of the Court (which may be sought only after all copies, excerpts, extracts, summaries, and other document, material or information reflecting the contents, of the materials or information at issue have been returned, destroyed, or

expunged as set forth in the prior sentence), a party to this action shall not use the inadvertently or mistakenly produced Claimed Privileged Materials or any information derived therefrom for any purpose.

15. This Protective Order shall not apply to information that:

is a public document or is public knowledge at the time of its disclosure or becomes public knowledge after its disclosure through no action or omission by or on behalf of any party to this action (including breaching this Protective Order); or

is lawfully disclosed or made available to a party to this action by a third party.

16. Nothing herein shall be construed to affect or determine in any way the admissibility of any document, testimony, or other evidence at any court hearing or proceeding in this action.

17. The provisions of this Protective Order shall survive the conclusion of this action and shall continue in full force and effect.

18. At the conclusion of this action, all Confidential Information not received in evidence or contained in papers filed with the Court shall be returned to Defendants or destroyed. If a party to this action elects to destroy, rather than return the Confidential Information, that party shall, within ninety (90) calendar days after written request by Plaintiff, confirm in writing that the Confidential Information has been destroyed. For the avoidance of doubt, this paragraph shall not require the return or destruction of any work product that contains or discusses Confidential Information.

19. Any party to this action receiving Confidential Information may seek relief from the requirements of this Protective Order by notifying Defendants of its request for such relief and requesting a discovery conference with the Court.

Dated this 27th day of November, 2019.

_____
G. Murray Snow
Chief United States District Judge

# EXHIBIT A

The undersigned,_____, affirms that he/she has read the Protective Order dated _____ \_\_\_, 2019, in the case, styled as *Alyssa Jones v. Riot Hospitality Group, et al.*, in the United States District Court for the District of Arizona. The undersigned agrees to comply with the terms and provisions thereof.

I further acknowledge that, under the terms of that Order, I am forbidden to disclose to any person documents or information that have been produced in this action and marked "Confidential," and that I am forbidden to use any such Confidential documents or information for any business or competitive purpose.

I understand that if I violate any term of that Order, I may be subject to sanctions by the Court.

_____    _____
By:                                                                                                  Date