**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa Jones,<br><br>  Plaintiff,<br><br>v.<br><br>Riot Hospitality Group LLC, et al.,<br><br>  Defendants. | No. CV-17-04612-PHX-GMS<br><br>**ORDER** |

The following motions are pending before the Court: (1) Plaintiff Alyssa Jones' Motion to Stay this Court's March 4, 2020 Order Pending Interlocutory Appeal (Doc. 313); (2) Plaintiff's Motion to Supplement Corrected Declarations Submitted in Support of Motion to Stay (Doc. 314); (3) Plaintiff's Motion to Extend Time to Videotape Doctor Greenman's Trial Testimony (Doc. 317); (4) Defendants'[1] Cross-Motion to Exclude or Limit Dr. Greenman's Testimony (Doc. 320); and (5) Defendants' Motion for Contempt and/or Other Sanctions (Doc. 323).

Plaintiff's Motion to Supplement is granted. Plaintiff's Motion to Stay and Motion to Extend Time to Videotape Doctor Greenman's Trial Testimony are denied. Defendants' Cross-Motion to Exclude or Limit Dr. Greenman's Testimony is granted in part and denied in part and Defendants' Motion for Contempt and/or Other Sanctions is taken under advisement.

---

[1] Riot Hospitality Group, LLC, RHG Ventures, LLC, 4425 Saddlebag, LLC, 4425 Saddlebag 2, LLC, Rooke, LLC, Ryan Hibbert, and Milo Companies, LLC (collectively "Defendants").

## BACKGROUND

The pending motions concern two discovery disputes that have persisted throughout this litigation. The first concerns the production of communications between Plaintiff and three non-party witnesses; the second concerns the deposition of Plaintiff's treating physician Dr. Greenman.

### A. Plaintiff's Communications with Non-Party Witnesses

On January 10, 2020 the Court held an in-person hearing to address various discovery disputes between the parties. One of the disputes concerned the production of recent[2] text messages and "direct messages" between Plaintiff and her three fact witnesses—Chelsea Meyers, Elle Foster, and Shea Watson—whom Defendants claim are also represented by Plaintiff's counsel. Despite Plaintiff's counsel's claim that his representation of the fact witnesses was limited to their depositions, he agreed to produce the documents. During a subsequent hearing, Plaintiff's counsel recanted his agreement to produce these documents, claiming that he thought he was referring to a different production dispute. Finding the record from January 10 hearing clear, the Court ordered Plaintiff's counsel to produce the documents, as he agreed, to the extent he possessed them. Plaintiff produced a PDF of undated screenshots of text messages that were not responsive to Defendants' request or compliant with the parties' ESI protocol. Defendants again raised Plaintiff's failure to comply with the Court's orders during the March 4 teleconference, at which point the Court ordered Plaintiff and her three fact witnesses to produce their cell phones to a third-party forensic search specialist for forensic imaging. In lieu of complying with the Order, Plaintiff filed a notice of appeal and moved to stay the Order's enforcement pending the appeal. Despite not yet being granted a stay, Plaintiff and the three witnesses still refused to comply with the Order. Defendants now move that Plaintiff and Plaintiff's counsel be held in contempt and that additional appropriate sanctions be ordered for Plaintiff's persistent failure to produce the communications.

---

[2] Plaintiff's production of communications with these witnesses is only current through fall of 2018. According to Defendants, during their depositions, each witness testified to engaging in more recent communications about the case and their involvement. These more recent communications that post-date those already produced are at issue.

### B. Dr. Greenman Deposition

Plaintiff disclosed Dr. Greenman as her witness that would render "expert medical opinions arising out of his treatment of Plaintiff." (Doc. 317 at 2.) Before Dr. Greenman could be deposed, he closed his Arizona practice and moved to Washington. The Court granted Plaintiff her first extension to depose Dr. Greenman on November 5. The issue was raised again at the January 31 hearing. By this time, Plaintiff had still not noticed the deposition. The delay was due, in part, to Defendants' counsel's unavailability and unwillingness to meet Dr. Greenman's limitations of a two-hour deposition outside of normal business hours. During the January 31 hearing, the Court again extended the discovery deadline to obtain Dr. Greenman's deposition until March 20. The Court also advised Plaintiff's counsel that if he wanted to compel Dr. Greenman to sit for a deposition with appropriate time constraints, he would need to apply to the federal court in the district in which Dr. Greenman lives. Plaintiff chose not to apply to the appropriate court and again failed to timely depose Dr. Greenman. Plaintiff now requests a third extension, or in the alternative to exclude Defendants from cross examining Dr. Greenman should he testify at trial. Defendants, on the other hand, move to exclude Dr. Greenman's testimony altogether or limit his trial testimony to authenticating the medical records heretofore produced.

## DISCUSSION

### I. Plaintiff's Motion to Stay

Plaintiff requests a stay from enforcement of the March 4 Order pending the resolution of her appeal to the Ninth Circuit Court of Appeals.[3] In considering whether to grant a stay pending appeal, the Court considers the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v.*

---

[3] Preceding this Order, the Ninth Circuit requested that Plaintiff (Appellee) show cause as to why her appeal should not be dismissed for lack of jurisdiction. Plaintiff and Defendants filed briefing on the issue. As of the date of this Order, the parties are waiting for the Circuit Court's response.

*Braunskill*, 481 U.S. 770, 776 (1987)). However, "a stay is not a matter of right, even if irreparable injury might result." *Id.* at 433. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

### A.   Likelihood of Success on the Merits

Plaintiff asserts that her appeal is likely to succeed because the March 4 Order is, or has the practical effect of, a mandatory injunction that was entered as an abuse of discretion. However, despite Plaintiff's mischaracterization of the March 4 Order as a *sua sponte* expansion of Defendants' original request for tailored communications to a global production of Plaintiff and the witnesses' phones, the March 4 Order is nothing more than a discovery order deemed necessary by Plaintiff's consistent failure to comply with this Court's prior orders. Discovery orders are interlocutory and non-appealable before a final judgment. *See Gon v. First State Ins. Co*., 871 F.2d 863, 865–66 (9th Cir. 1989) (orders that regulate the course of litigation, such as discovery orders, are not immediately appealable as injunctions); *see also Bank of Am. v. Nat'l Mortg. Equity Corp*., 857 F.2d 1238, 1240 (9th Cir. 1988) (order compelling discovery, whether issued against party or non-party to proceedings, is not immediately appealable by party); *David v. Hooker, Ltd*., 560 F.2d 412, 415–16 (9th Cir. 1977) (order compelling discovery issued against non-party is not appealable by non-party, immediately or otherwise). Because Plaintiff's appeal lacks appellate jurisdiction it is not likely to succeed.

### B.   Irreparable Injury

Plaintiff and the three witnesses provided declarations detailing their concerns about being away from their cell phones. Their concerns include needing to stay in contact with kids or sick family members, needing to be responsive for work, and personal safety. While the Court sympathizes with the fear of being without one's cell phone for a few hours, Plaintiff has not explained how these concerns constitute irreparable harm. *See Nken*, 566 U.S. at 434–35 (explaining that simply showing some possibility of irreparable injury is not enough to satisfy the second stay factor). Moreover, to the extent Plaintiff argues that the production of irrelevant private communications is irreparable, this Circuit disagrees.

*See In re Nat. Mortgage Equity Corp.*, 857 F.2d at 1240 ("[A]ny unfair use of the information or documents produced as a result of an improper order can be corrected on appeal from final judgment in the case.") It is also worth reminding the parties that the March 4 Order clearly instructed Plaintiff's counsel to review the communications recovered by the neutral third party before any communications are produced to Defendants. Thus, Plaintiff has failed to establish irreparable harm will result absent a stay.

### C.     Prejudice to Other Parties

While no substantial harm will occur to Defendants if the March 4 Order is first subject to appellate review before its enforcement, this action has been consistently delayed by the parties' failure to cooperate throughout discovery. This factor may not go against granting the stay, but it does not support a stay either.

### D.     Public Interest

Plaintiff cites the privacy interests unique to cell phones recognized by the Supreme Court in *Riley v. California*, 573 U.S. 373 (2014), to suggest that the public interest supports staying enforcement of the March 4 Order. However, *Riley* concerned the search of a cell phone incident to a lawful arrest; it has little application to the rights of parties or non-parties involved in a civil action where only those communications that are relevant to the action need be produced after review by Plaintiff's counsel. The public's interests in fair play and efficient resolution of litigation are more pertinent to this matter; these interests would be served by denying the stay.

Because Plaintiff has failed to show that the circumstances of this case warrant a stay of the March 4 Order pending her appeal, her request for a stay is denied.

## II.     Defendants' Motion for Contempt and Other Sanctions

"[A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers,* 419 U.S. 449, 458 (1975); *see also Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) ("No stay of the district court proceedings pending resolution of the appeal

had been sought or granted, and so [the plaintiff] remained under an obligation to comply with the district court's orders and pretrial timetable notwithstanding his appeal. His failure to comply with court orders was properly sanctionable . . ."). Plaintiff claims her notice of appeal and motion for stay relieved her of her obligation to comply with this Court's March 4 Order. Plaintiff's argument, however, is not supported by the law of this Circuit.

Nonetheless, based on the parties' briefing, the Court concludes some clarification and amendment of the March 4 Order is warranted before contempt or other sanctions are appropriate.[4] Plaintiff is, and has been, under an obligation to produce her cell phone to a third-party forensic search specialist ("Specialist"). Any communications recovered from Plaintiff's phone will first be provided to Plaintiff's counsel for review; Plaintiff's counsel may make detailed objections at that time. If Plaintiff's counsel determines that he is going to withhold documents that result from the search terms, he must provide Defendants a complete privilege log indicating the specific document withheld, who it was to and from, the date of the communication, its general topic to the extent not otherwise privileged, and the basis for the invocation of privilege. Plaintiff, however, should be keenly aware by this point that any recent[5] communications between herself and the three witnesses regarding this action or the witnesses' involvement in this action are discoverable. In turn, Defendants would be wise to amend their search terms accordingly. With respect to the fact witnesses, the March 4 Order was issued with the understanding that they are also represented by Plaintiff's counsel in connection with this action. If they are not so represented, the Court agrees that Plaintiff is not responsible for their refusal to produce their cell phones or communications. The Court will, however, grant Defendants leave to issue subpoenas to obtain the communications from the witnesses' phones. The only communications

---

[4] The pending appeal does not divest this Court of its jurisdiction to modify the March 4 Order. *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.") (citing *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966)); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (same).

[5] *See supra* n.2.

1  Defendants may seek to obtain from the fact witnesses are similarly limited to those recent
2  communications relating to this action or the witnesses' involvement in this action. If
3  Defendants choose to pursue this discovery they will do so entirely at their own expense.
4     Plaintiff has seven days from the date of this Order to produce her cell phone to the
5  previously agreed upon Specialist. Once the recovered communications are provided to
6  Plaintiff, she will have seven days to review them and produce the relevant
7  communications to Defendants. As stated in the March 4 Order, Defendants shall pay the
8  initial cost for the Specialist, but should additional documents be located in this search that
9  are discoverable, Plaintiff shall promptly reimburse the entire cost of the Specialist to the
10 Defendants. Defendants, if they choose to do so, similarly have seven days from the date
11 of this order to issue subpoenas to Elle Foster, Chelsea Meyers, and/or Shea Watson for
12 the limited scope discussed in this Order.
13    Defendants' Motion for Contempt and Other Sanctions is taken under advisement
14 until the parties are given an opportunity to comply with the above.

**III.    Dr. Greenman**

Plaintiff fails to demonstrate good cause warranting a third extension to obtain the deposition of her own witness. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). When this Court granted the most recent extension, it explained, "I am going to leave it up to you [Plaintiff's counsel] to either obtain through cooperation the limited deposition of Dr. Greenman or to apply to the court, the appropriate court, in a miscellaneous matter, to obtain the deposition of Dr. Greenman. And you have until March 20th to do so. And I will not, absent the most unusual circumstances in the world, extend discovery for any other purpose and for any other length." (Doc. 313-7 at 56; Doc. 320-1 at 34.) While the Court agrees that Defendants' counsel may have been uncooperative in scheduling the deposition, this Court advised Plaintiff to take further action in the appropriate court and Plaintiff made no effort to do so. Plaintiff attempts to blame the global pandemic for this failure. However, Plaintiff had ample time to at least file a miscellaneous action seeking Dr. Greenman's deposition in the

- 7 -

appropriate court and she simply chose not to do so. As a result, Plaintiff's request for a third extension is denied. Plaintiff similarly fails to provide any basis to prevent Defendants from cross examining Dr. Greenman in the event he testifies at trial. Consequently, that request is also denied.

With respect to Defendants' cross motion, in the event Dr. Greenman testifies at trial, his testimony will be subject to the Federal Rules of Evidence and Civil Procedure. While his testimony will not be excluded, Dr. Greenman will not be permitted to testify about any information or documents that have not been produced in this action. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trail unless the failure was substantially justified or harmless.").

## CONCLUSION

The Court, one last time, urges the parties to be reasonable and act professionally to resolve these disputes.

**IT IS HEREBY ORDERED** that:

1. Plaintiff Alyssa Jones' Motion to Stay this Court's March 4, 2020 Order Pending Interlocutory Appeal (Doc. 313) is **DENIED**.

2. Plaintiff's Motion to Supplement Corrected Declarations Submitted in Support of Motion to Stay (Doc. 314) is **GRANTED**.

3. Plaintiff's Motion to Extend Time to Videotape Doctor Greenman's Trial Testimony (Doc. 317) is **DENIED**.

4. Defendants' Cross-Motion to Exclude or Limit Dr. Greenman's Testimony (Doc. 320) is **GRANTED** in part and **DENIED** in part.

5. Defendants' Motion for Contempt and/or Other Sanctions (Doc. 323) is taken under advisement. Defendants are **GRANTED** leave to subpoena Chelsea Meyers, Elle Foster, and Shea Watson to produce their recent communications regarding Plaintiff's claims at Defendants' expense. Any such subpoena must be issued within **seven days** of the date of this order.

**IT IS FURTHER ORDERED** that:

1. Plaintiff shall produce her cell phone to the previously agreed upon Specialist for imaging no later than **August 17, 2020**.

2. The Specialist shall provide any recovered communications to Plaintiff for review and Plaintiff will produce the relevant communications, if any, to Defendants within **seven days** of receiving the recovered data from the Specialist. If Plaintiff withholds any communications from Defendants, she will provide a complete privilege log as detailed in this Order. (the privilege log should be produced at the same time as any communications)

**IT IS FURTHER ORDERED** that Defendants shall pay the initial cost for the Specialist, but should additional documents be located in this search that are discoverable, Plaintiff shall promptly reimburse the entire cost of the Specialist to the Defendants.

**IT IS FURTHER ORDERED** that the March 4 Order (Doc. 308) is amended by this Order as indicated and/or modified above.

**IT IS FURTHER ORDERED** that the deadlines set forth in the December 14, 2018 Case Management Order (Doc. 62), as modified by the Court's June 24, 2019, September 10, 2019, October 1, 2019, January 31, 2020, and April 29, 2020 Orders (Docs. 126, 158, 176, 296, 332) amending certain deadlines are extended as follows:

1. The deadline for the parties to file their respective two-page letters regarding anticipated summary judgment motions shall be **September 11, 2020**, and the parties shall call the Court the same day to schedule a time for a pre-motion conference.

2. The deadline for filing of dispositive motions shall be **October 9, 2020**. These extensions apply only to Plaintiff, and 4425 Saddlebag, LLC, 4425 Saddlebag 2, LLC, Milo Companies, LLC, RHG Ventures, LLC, Riot Hospitality Group, LLC, Rooke, LLC, and Ryan Hibbert. JW Bar, LLC and MRM Hospitality, LLC remain authorized to file a motion for summary judgment as established during the June 16, 2020 Status Conference.

Dated this 10th day of August, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge