**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa Jones,<br><br>    Plaintiff,<br><br>v.<br><br>Riot Hospitality Group LLC, et al.,<br><br>    Defendants. | No. CV-17-04612-PHX-GMS<br><br>**ORDER** |

Before the Court is Defendants' Second Renewed Motion to Enforce the Court's Orders and Exclude Alyssa Jones, Shea Watson, and Chelsea Meyers from Testifying. (Doc. 403.) For the reasons explained below, the Motion to Enforce is deferred until the Order to Show Cause hearing.

**I.    Civil Contempt Standard**

A party may be held in civil contempt when, after receiving notice, it fails to take all reasonable steps within its power to comply with a specific and definite judicial order. 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A district court has "wide latitude in determining whether there has been a contemptuous defiance of its order[s]." *Stone v. City & Cty. of San Francisco*, 968 F.2d

850, 856 (9th Cir. 1992). The Ninth Circuit's rule regarding contempt "has long been whether defendants have performed 'all reasonable steps within their power to insure compliance' with the court's orders." *Stone*, 968 at 856 (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976)).

The moving party bears the initial burden of establishing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). The burden then shifts to the contemnors to produce evidence explaining their noncompliance. *Id.* The contemnors must show that they took every reasonable step to comply. *Sekaquaptewa*, 544 F.2d at 406. Mr. Nathanson has stated to the Court that he represents both subpoenaed witnesses Ms. Watson and Ms. Meyers. He also represents the Plaintiff, Ms. Jones. A contempt proceeding is, generally, the appropriate way in which to enforce compliance with subpoenas issued by this Court. Fed. R. Civ. P. 45(g). In addition to contempt against both witnesses and Mr. Nathanson, the Court may also sanction the witnesses, Mr. Nathanson, and Ms. Jones pursuant to Fed. R. Civ. P. 37(b)(2).

**II.   Analysis**

Defendants have met their initial burden of producing clear and convincing evidence that Plaintiff Alyssa Jones, and witnesses Shea Watson, and Chelsea Meyers and their attorney, Mr. Nathanson, violated a specific and definite court order. Plaintiff's Witnesses were originally ordered to produce data from their cell phones on March 11, 2020. (Doc. 308.) After they failed to comply with the March order, the Court granted leave to serve Witnesses Shea Watson and Chelsea Meyers with subpoenas and ordered Plaintiff Alyssa Jones to provide her phone to the parties' third-party forensic search specialist ("Specialist"). (Doc 350.) On August 14, 2020, Witnesses Shea Watson and Chelsea Meyers were served with subpoenas commanding them to produce the contents of their communications with the Plaintiff and the Plaintiff's other witnesses. (Doc. 358); (Doc. 359.) Plaintiff Alyssa Jones and Witnesses Shea Watson and Chelsea Myers

delivered their phones to the Specialist for imaging.

The relevant documents from these devices, however, were never produced after being recovered and transmitted to Plaintiff's Counsel, Philip Nathanson. After a hearing on September 22, 2020, the Court ordered "that the relevant documents and accompanying privilege logs from the cell phones belonging to Plaintiff Alyssa Jones, and Witnesses Chelsea Myers and Shea Watson must be produced to Defendants by October 22, 2020," warning that "if Plaintiff Alyssa Jones, or witnesses Chelsea Myers, Shea Watson, or Elle Foster do not comply with this order, they will be precluded from testifying at trial." (Doc. 367.) Mr. Nathanson and Plaintiff's Witnesses failed to comply with the Court's order. On November 16, 2020, the Court ordered that "[t]he relevant documents and accompanying privilege logs from the cell phones belonging to Plaintiff Alyssa Jones, and witnesses Chelsea Myers and Shea Watson must be produced to Defendants by December 11, 2020." (Doc. 396 at 2.) Mr. Nathanson and Plaintiff's Witnesses again failed to comply. *Id.*

Mr. Nathanson's assertions that the scope of the cell phone disclosures prevented realistic production of the communications are undermined by his prior representations and the repeated extensions granted by the Court. During the September 22, 2020 hearing, the Specialist clarified that Mr. Nathanson had made little effort to resolve their asserted technical difficulties in order to comply with the Court's deadlines. (Doc. 375 at 18-20.) The Court ordered:

> I am going to direct Mr. Nathanson -- I am going to allow him to preserve his relevance review so long as he provides a full privilege log on all of the requested information with all of the search terms. And if he doesn't provide all the documents within three weeks from today, all of the witnesses, including the plaintiff, who have refused to provide that material, will not be allowed to testify at all at trial.

*Id.* at 19. Again, at the November 13, 2020 hearing, Mr. Nathanson had not made efforts to sort the communications and had failed to coordinate with the Specialist regarding his asserted technical difficulties. (Doc. 398 at 21–25.) The Court directed Mr. Nathanson:

> [I]t's your obligation to get in touch with Mr. Kuchta, figure out how to work this system, to do -- and to provide all the materials by December 11th and to provide this Court. . . . And then I'm not going to give you any further extensions after December 11th.

*Id.* at 22–23. And most recently, Mr. Nathanson again failed to make efforts to coordinate with the Specialist and sort the communications until nine days prior to the December 11, 2020 deadline set by the Court. (Doc. 403-1 at 53–54.) He did not produce the sorted documents to the Specialist as required until December 10, 2020. *Id.* Mr. Nathanson then instructed the Specialist not to disclose the communications until expressly authorized. *Id.* As a result, no documents or logs have been produced. *Id.* That Mr. Nathanson again asserts he did not have enough time to resolve this self-created emergency does not demonstrate he was unable to comply with the Court's orders.

## CONCLUSION

For the reasons set forth above, Mr. Nathanson, Plaintiff Alyssa Jones, and witnesses Chelsea Myers and Shea Watson must show cause for their failure to produce communications as ordered by the Court. Moreover, in addition to the above contempt power, the Court reserves the right to impose sanctions pursuant to Federal Rule of Civil Procedure Rule 37 as appropriate.

**IT IS HEREBY ORDERED** that Plaintiff Alyssa Jones, and witnesses Chelsea Myers and Shea Watson shall show cause within seven (7) days of the date of this Order showing why this court should not hold them in contempt for failing to produce the contents of their cell phones pursuant to this Court's Order. (Doc. 367.)

**IT IS FURTHER ORDERED** that Plaintiff Alyssa Jones, and witnesses Chelsea Myers and Shea Watson may be held in contempt and or sanctioned and precluded from testifying at trial if seven (7) days from the date of this Order they fail to show cause for their failure to produce their communications to Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel, Philip Nathanson, shall show cause within seven (7) days of the date of this Order showing why this court should

not hold him in contempt for failing to produce the contents of Alyssa Jones', Chelsea Myers', and Shea Watson's cell phones pursuant to this Court's Orders. (Doc. 375); (Doc. 398).

**IT IS FURTHER ORDERED** setting a Telephonic Order to Show Cause Hearing on **February 26, 2021 at 2:00 p.m.** Defendants' Counsel shall set up a call-in number and provide the information to all parties including the Court by Noon on **February 24, 2021**.

**IT IS FURTHER ORDERED** that Defendants' Second Renewed Motion to Enforce the Court's Orders and Exclude Alyssa Jones, Shea Watson, and Chelsea Meyers from Testifying (Doc. 403) is **DEFERRED** until the Order to Show Cause hearing.

**IT IS FURTHER ORDERED** that Defendants' deadline to file a motion for summary judgment is extended to **April 27, 2021** in accordance with the above dates.

**IT IS FURTHER ORDERED** that Defendants' Request for Leave to File Motion for Expedited Ruling on Defendants' Request to Enlarge Summary Judgment Deadline (Doc. 408) is **DENIED** as moot.

Dated this 8th day of February, 2021.

_____
G. Murray Snow
Chief United States District Judge