**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa Jones, | No. CV-17-04612-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Riot Hospitality Group LLC, et al., | |
| Defendants. | |

The parties attended a telephonic Order to Show Cause hearing on February 26, 2021 to discuss disputes over disclosure of the communications of Plaintiff Alyssa Jones and Witnesses Shea Watson and Chelsea Meyers (collectively, "Plaintiff's Witnesses"). Before the Court is Defendants' Second Renewed Motion to Enforce the Court's Orders and Exclude Alyssa Jones, Shea Watson, and Chelsea Meyers from Testifying. (Doc. 403.) Also pending is Plaintiff and Non-Party Witnesses' Motion to File Under Seal the Specialist Thumb Drives and Software as Part of Their Response to Defendants' Second Renewed Motion to Enforce the Court's Orders and Exclude Alyssa Jones, Shea Watson and Chelsea Meyers From Testifying. (Doc. 405.) For the following reasons, Defendants' Motion is denied and Plaintiff's Motion is denied as moot.

Plaintiff's Witnesses were originally ordered to produce data from their cell phones on March 11, 2020. (Doc. 308.) After they failed to comply with the March order, the Court granted leave to serve Witnesses Shea Watson and Chelsea Meyers with subpoenas and ordered Plaintiff Alyssa Jones to provide her phone to the parties' third-party forensic

search specialist K.J. Kuchta ("Specialist"). (Doc 350.) On August 16, 2020, Witnesses Shea Watson and Chelsea Meyers were served with subpoenas commanding them to produce the contents of their communications with the Plaintiff and the Plaintiff's other witnesses by September 8, 2020. (Doc. 358); (Doc. 359.) Plaintiff Alyssa Jones and Witnesses Shea Watson and Chelsea Myers delivered their phones to the Specialist for imaging on September 11, 2020 and September 12, 2020 respectively.

The relevant documents from these devices, however, were never produced after being recovered and transmitted to Plaintiff's Counsel, Mr. Nathanson. After a hearing on September 22, 2020, the Court ordered "that the relevant documents and accompanying privilege logs from the cell phones belonging to Plaintiff Alyssa Jones, and Witnesses Chelsea Myers and Shea Watson must be produced to Defendants by October 22, 2020," warning that "if Plaintiff Alyssa Jones, or witnesses Chelsea Myers, Shea Watson, or Elle Foster do not comply with this order, they will be precluded from testifying at trial." (Doc. 367.) Plaintiff's Witnesses failed to comply with the Court's order. On November 16, 2020, the Court ordered that "[t]he relevant documents and accompanying privilege logs from the cell phones belonging to Plaintiff Alyssa Jones, and witnesses Chelsea Myers and Shea Watson must be produced to Defendants by December 11, 2020." (Doc. 396 at 2.) It specified that "[n]o further extensions will be granted." Plaintiff's Witnesses again failed to comply. *Id.* Mr. Nathanson did not produce the sorted documents to the Specialist as required until December 10, 2020 and instructed the Specialist not to disclose the communications until expressly authorized. *Id.* As a result, no documents or logs have been produced. *Id.*

As their repeated failures to comply with the Court's directions to produce these communications amount to willful violation of the Court's discovery orders, Plaintiff Alyssa Jones and Mr. Nathanson must pay Defendants' attorney's fees for the costs associated with seeking Plaintiff's compliance with the Court's orders. Plaintiff Alyssa Jones and Mr. Nathanson are jointly and severally liable for the fees Defendants incurred

in seeking Plaintiff's compliance with the Court's order prior to her physical production of her cell phone on August 17, 2020. As Plaintiff was initially ordered to produce her phone by the close of business on March 11, 2020, (Doc. 308 at 1), they are responsible for fees incurred a reasonable time after that deadline. They are thus liable for fees incurred between March 25, 2020, two weeks after the Court's deadline, and August 17, 2020, when Plaintiff produced her cell phone to the Specialist.

The Court finds Mr. Nathanson responsible for Defendants' fees incurred after Plaintiff produced her device and Mr. Nathanson received access to her communications from the Specialist. He was initially ordered to produce the contents of the device within seven days of receiving the recovered data. (Doc. 350 at 9.) The Specialist provided the data extracted from Plaintiff's phone to Mr. Nathanson on August 31, 2020. (Doc. 361 at 3.) Mr. Nathanson still has not released the data to Defendants. However, the Court is aware that Mr. Nathanson has sought extensions in light of several health concerns. He is therefore liable only for Defendants' fees incurred in seeking his compliance with the Court's orders between December 11, 2020 and the date of this Order. Defendants must submit documentation in compliance with LRCiv. 54.2 for the Court to determine the amount of the sanctions award against Plaintiff and Mr. Nathanson within 21 days of the date of this order.

Forensic Neutral K.J. Kuchta is further ordered to turn over Plaintiff's Witnesses' communications to Defendants. Mr. Kuchta shall produce all the communications from the devices except the documents that have been designated as privileged by Mr. Nathanson. The contents of the documents that have been marked as privileged by Mr. Nathanson will be omitted from Mr. Kuchta's disclosure, but the metadata indicating who the messages are between shall remain. The documents ordered hereby to be disclosed are subject to being clawed back pursuant to Federal Rule of Civil Procedure Rule 502(d). The Rule specifies that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court." Fed. R. Civ. P. 502(d).

Plaintiff may thus submit a privilege log demonstrating which, if any, additional documents must be returned from the disclosure.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Second Renewed Motion to Enforce the Court's Orders and Exclude Alyssa Jones, Shea Watson, and Chelsea Meyers from Testifying (Doc. 403) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Enforce the Court's September 23 Order (Doc. 379) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendant's Motion for Contempt and/or Other Sanctions (Doc. 323) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Under Seal the Specialist Thumb Drives and Software (Doc. 405) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Defendants' Request for Leave to File Response in Opposition to Plaintiff and Non-Party Witnesses' Motion to File Under Seal the Specialist Thumb Drives and Software (Doc. 407) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff and Mr. Nathanson pay Defendants the fees and costs it incurred in pursing their compliance with the Court's orders as follows:

1. Plaintiff Alyssa Jones And Mr. Nathanson are jointly and severally liable for Defendants' fees and costs incurred pursuing their compliance with the Court's orders between March 25, 2020 and August 17, 2020.
2. Mr. Nathanson is liable for fees and costs incurred pursuing Plaintiff's compliance with the Court's orders between December 11, 2020 and the date of this Order.
3. Defendants must submit documentation in compliance with LRCiv. 54.2 for the Court to determine the amount of the sanctions award within **21 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Forensic Neutral K.J. Kuchta shall turn over

the data from the cell phones of Alyssa Jones, Shea Watson, and Chelsea Meyers within **7 days** of the date of this Order. K.J. Kuchta shall also share a copy of the disclosure with Plaintiff. The contents of the documents that have been marked as privileged by Mr. Nathanson will be omitted from Mr. Kuchta's disclosure, but the metadata that does not disclose the content of the communications shall remain. Defendants are further directed not to use any of the phone numbers disclosed in the communications without permission from either Plaintiff or the Court. Plaintiff may file a privilege log demonstrating which additional documents must be returned from the disclosure within **14 days** of Defendants' receipt of the communications.

**IT IS FURTHER ORDERED** that Defendants may file a motion seeking reimbursement of the costs of the expert, K.J. Kuchta, in accordance with the Court's prior Order (Doc. 308) within **21 days** of this Order.

Dated this 1st day of March, 2021.

_____
G. Murray Snow
Chief United States District Judge