WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa Jones,<br><br>        Plaintiff,<br><br>v.<br><br>Riot Hospitality Group LLC, et al.,<br><br>        Defendants. | No. CV-17-04612-PHX-GMS<br><br>**AMENDED ORDER**<br><br>(Page 5, Line 20 – No Date/Time) |

Pending before the Court is Plaintiff Alyssa Jones's Motion to Quash Rule 45 Discovery. For the reasons below, the motion is denied.

## BACKGROUND

Plaintiff filed this lawsuit in 2017. On March 2, 2021, the Court found Plaintiff and her counsel, Mr. Philip Nathanson, jointly and severally liable for fees and costs that Defendants incurred while pursuing Plaintiff's compliance with the Court's discovery orders. (Doc. 413.) Specifically, Plaintiff "intentionally deleted an unknowable number of messages between herself and her witnesses from the outset of the case through mid-2020," (Doc. 485 at 22), and Mr. Nathanson refused to produce relevant evidence, (Doc. 413 at 2). Because of these egregious discovery violations, the Court sanctioned Plaintiff and Mr. Nathanson and gave Defendants 21 days to submit documentation in compliance with Local Rule of Civil Procedure 54.2. (Doc. 413.) Defendants submitted this documentation on March 23, 2021. (Doc. 415.) On August 9, 2021, the Court awarded

the following fees and costs:

1. Plaintiff Alyssa Jones and Mr. Nathanson are jointly and severally liable for $21,855.50 for Defendants' fees and costs incurred pursuing Plaintiff's compliance with the Court's orders between March 25, 2020, and August 17, 2020.

2. Mr. Nathanson is liable for $12,011.00 for fees and costs incurred pursuing Plaintiff's compliance with the Court's orders between December 11, 2020 and the date of this Order.

3. Plaintiff is liable for $35,709.00 for the costs and fees of expert K.J. Kuchta

(Doc. 433.)

These amounts were to be paid within 90 days of that Order. (Doc. 433.) On August 25, 2022, the Court issued a final judgment dismissing Plaintiff's complaint because of her egregious discovery violations and awarded various sanctions against them. (Doc. 485.) This Order noted that the judgment for fees and costs was final. *Id.* at 26–7 (ordering that "[t]he outstanding award of fees and costs is hereby final and may be enforced through appropriate process.")

Nevertheless, the Defendants failed to pay the costs and fees within 90 days of the Court's order on August 6, 2021. So, on November 17, 2022, Defendants served Plaintiff and Mr. Nathanson subpoenas seeking financial documents and information to secure payment. In response, Defendants filed the current motion to quash, alleging that they are not judgment debtors and that the requested information contains information that is subject to attorney-client privilege. Alternatively, they ask the Court "for the setting of the amount of a supersedeas bond and the timing of posting said bond" pursuant to Federal Rule of Civil Procedure 62(b). (Doc. 495 at 3.)

## DISCUSSION

### I. Motion to Quash

#### A. Legal Standard

"On timely motion, the court for the district where compliance is required must

quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45 (3)(A). Plaintiff's motion to quash is denied, however, because she and Mr. Nathanson are judgment debtors, and she has not established that the information Defendants seek is privileged.

### B. Analysis

As an initial matter, Plaintiff fails to explain how her argument that she and her attorney are not "judgment debtors" relates to any specific basis for granting a motion to quash. However, her argument fails under any of the bases identified in Rule 45 because she and Mr. Nathanson are "judgment debtors," and a money judgment has been entered against them. The Court granted Defendant's motion for the costs and fees at issue and ordered Plaintiff and Mr. Nathanson to pay them within 90 days of its August 6, 2021 Order. (Doc. 433 at 8.) Still, Plaintiff suggests that "[t]he only judgment entered in this case by the Clerk under the separate document rule for judgments" did not award the cost and fees currently at issue. (Doc. 495 at 2 (citing Fed. R. Civ. P. 58).)

This argument fails under the plain text of Rule 58(a)(3), which states that "[e]very judgment . . . must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . for attorney's fees under Rule 54 . . . ." When the Court awarded the costs and fees at issue, it awarded them pursuant to a Rule 54 motion. (Doc. 433 at 2, 8.) Thus, no separate document was needed to render that award final, and Plaintiff and Mr. Nathanson were compelled to pay those fees within 90 days of the Court's August 6, 2021 Order.

Plaintiff's cited authority is not to the contrary. In *Envy Hawaii LLC v. Cirbin Inc.*, the court denied a motion to hold a party in contempt of court for failing to pay an amount it owed under a settlement agreement. No. CV 16-00551 ACK-RLP, 2018 WL 1004875, at *1 (D. Haw. Feb. 5, 2018). There, the Court noted that "Plaintiff did not request that judgment be entered following the court's order." *Id.* at *2. However, unlike a Rule 54

1 award of attorneys' fees, amounts due under settlement agreements must be set out in a
2 separate document to be considered "final" judgments. *See* Fed. R. Civ. P. 58(d). Thus,
3 nothing in *Envy* suggests that there is no money judgment to enforce in this case.

4 Further, none of the requested materials are privileged under Arizona law because
5 they are not communications. *See* A.R.S. § 12–2234 ("[I]n a civil action an attorney shall
6 not, without the consent of his client, be examined as to any communication made by the
7 client to him, or his advice given thereon in the course of professional employment."); *see*
8 *also Samaritan Found. v. Goodfarb*, 176 Ariz. 497, 501 (1993). Plaintiff provides no
9 support for her contention that "the files of clients that actually belong to the clients, not
10 the attorney" are privileged materials under Arizona law. (Doc. 495 at 3.)

11 Thus, Plaintiff's Motion to Quash is denied.

12 **II.   Supersedeas Bond**

13 However, Plaintiff is entitled to a supersedeas bond. *Burris v. JPMorgan Chase &*
14 *Co.*, No. CV-18-03012-PHX-DWL, 2022 WL 3285441, at *2 (D. Ariz. Aug. 11, 2022)
15 *(quoting Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977))
16 ("Under [Rule 62(b)], an appellant may obtain a stay as a matter of right by posting a
17 supersedeas bond acceptable to the court. Since no bond was posted, the grant or denial of
18 the stays was a matter strictly within the judge's discretion."). Under Rule 62(b), "any time
19 after judgment is entered, a party may obtain a stay by providing a bond or other security."
20 Fed. R. Civ. P. 62(b); *see also* Fed. R. Civ. P. 62(d) ("The bond may be given upon or after
21 filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes
22 effect when the court approves the bond."). Although the Court cannot decline to issue a
23 stay upon receipt of a bond, it retains "discretion to set the amount of the bond or to waive
24 the bond requirement." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. CV-19-00180-
25 TUC-RM, 2023 WL 183680, at *1 (D. Ariz. Jan. 13, 2023). "To fully protect the
26 [prevailing party] on issuance of a stay of judgment, the supersedeas bond amount must be
27 set to take into account the additions of interest, costs of appeal, [and] damages for delay."
28 *Id.* (quoting *United States v. Cowan*, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008)) (internal

punctuation omitted).

Plaintiff has asked the Court to "proscribe the terms" of the bond but has not provided any information about expected interest, damages for delay, the costs of appeal, or Plaintiff's capacity to satisfy the judgment against her. However, "[c]ourts in this Circuit have set supersedeas bonds at 120% percent of the amount of the final judgment, to account for interest, costs of appeal, and any damages for delay." *Id.*; *see also United States v. Cowan*, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008); *Clark v. Hidden Valley Lake Ass'n*, No. 16-CV-02009-SI, 2018 WL 2412136, at *5 (N.D. Cal. May 29, 2018) (setting bond at 125%); *Alday v. Raytheon Co.*, No. CV 06-32 TUC DCB, 2008 WL 11441996, at *2 (D. Ariz. Sept. 10, 2008). Thus, the Court will do so here as well.

Finally, although Plaintiff asks the Court to set the timing for a supersedeas bond, Rule 62(d) indicates that the bond may be given after filing the notice of appeal or after obtaining the order allowing for appeal, both of which have occurred in this case. Thus, the bond may be given at any time.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff and Mr. Nathanson shall post a supersedeas bond in the form of a cashier's check made payable to the Clerk of United States District Court in the amount of $ 83,490.60.

**IT IS FURTHER ORDERED** that a stay of the judgment for the amount due will be in effect upon their posting of the bond with the Clerk of Court.

Dated this 23rd day of May, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge